

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Slaughter
County Attorney
Martin County
Stanton, T e x a s

Dear Sir:

Opinion No. O-2817
Re: Fees of county attorney
    under facts stated.

        Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

        "The writer would appreciate having your
opinion based on the following statement of
facts.

        "A county attorney representing the State
in a prosecution in Justice Court, on complaint
of disturbing the peace in a private residence,
and two defendants are tried jointly, convicted
and fined $100.00 each and costs and appeal taken
and pending in the county court, bonds being posted,
what are the county attorney's fees under article
C.C.P. 1055, Vernon's Annotated Criminal Statutes,
1938 (year)

        "The same defendants are charged by complaint
for disturbing the peace in a public street of an
incorporated town and fined $100.00 each and costs
and appeal taken to county court and bonds posted-
pending in the county court. What are the county
attorneys fees under Article CCP 1055 Vernon's
Annotated Criminal Statutes.  1938 (year)

        "Article CCP. 1055, (1938) Vernon's Ann.
Criminal Statutes......The county shall be liable
for only one half (costs) where defendant has
been tried, and committed, acquitted, OR FOUND

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

GUILTY AND THE CASE APPEALED; ....... not including commissions, the County Judge shall issue his warrant, upon the County Treasurer in favor of the proper party, and the same shall be paid out of the Road and Bridge fund or other funds........

"Article CCP 1068 (1925) Vernon's Ann. Civil Statutes.....for each conviction on a plea of guilty, where no appeal is taken, fee of county attorney is $10.00.

"From Article 1055 CCP, the county attorney representing the State shall be entitled to one half the fee of $10.00(....and defendant found guilty and the case appealed.....) to be paid by the county and the county judge shall issue the warrant upon the County Treasurer and same shall be paid out of the Road and Bridge fund.....

"I would appreciate having your opinion on the foregoing."

Opinion No. 0-23 of this department (Conference Opinion No. 0-3032) dated January 11, 1939, held House Bill 727 of the 46th Legislature of Texas unconstitutional. This opinion further held that Article 1055, Code of Criminal Procedure of Texas, 1925, not having been repealed, and the amendatory act being unconstitutional and entirely void, was still the law (at the date of the rendition of the opinion) and that all fee officers were subject to its provisions. We enclose herewith a copy of said opinion which contains a full discussion of said matter.

Article 1055, Code of Criminal Procedure of Texas, 1925, prior to its amendment in 1939 by the Acts of the 46th Legislature of Texas, read as follows:

"The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisifed the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal costs as may have

been so taxed, not including commissions,
the county judge shall issue his warrant
upon the county treasurer in favor of the
proper party, and the same shall be paid out
of the road and bridge fund or other funds
not otherwise appropriated."

Article 1055, supra, was amended by the Acts of the
46th Legislature of Texas, effective May 15, 1939. Article
1055, Vernon's Annotated Texas Code of Criminal Procedure, now
reads as follows:

"The county shall not be liable to the
officer and witness having costs in a mis-
demeanor case where defendant pays his fine
and costs. The county shall be liable for
one-half of the fees of the officers of the
Court, when the defendant fails to pay his
fine and lays his fine out in the county
jail or discharges the same by means of
working such fine out on the county roads
or on any county project. And to pay such
half of costs, the County Clerk shall issue
his warrant on the County Treasurer in
favor of such officer to be paid out of the
Road and Bridge Fund or other funds not
otherwise appropriated."

Thus we see that prior to May 15, 1939, Article 1055,
Code of Criminal Procedure, 1925, governed and that since May
15, 1939 and now, Article 1055, Vernon's Annotated Texas Code
of Criminal Procedure, supra, governs.

You will note that the provisions of House Bill 727
of the 45th Legislature of Texas (1937), (held unconstitutional
by this department) providing for fees in cases of acquittals
and in cases where defendants were convicted and appealed
their cases, (cited by you in your letter) were not carried
into and made a part of the amended article passed by the
46th Legislature of Texas in 1939.

Under the facts stated the cases of the defendants
are now pending in the County Court. No fees are taxable
against said defendants at this time nor can they be placed
in jail nor can they be worked by the county at this time by

virtue of the status of such cases.

You are respectfully advised that it is the opinion of this department that neither the defendants nor the County are at this time liable for any fees to any officers under the facts stated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WmJF:eaw

encl.

APPROVED OCT 24, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS